Medardo Varela Padilla et ux., et al., Plaintiffs and Appellants, *v.* Ramón Fuentes Rolón, Defendant and Appellee.

No. 9949. Argued January 16, 1950.—Decided February 13, 1950.

Víctor J. Vidal González, Marcos A. Ramírez, and E. Rodríguez Otero, for appellants. E. Martínez Rivera and Luis Blanco Lugo for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

The action for damages involved herein was originally filed against Ramón Fuentes Rolón, but when the latter met a tragic death prior to trial, it was requested that his heirs be substituted instead. The lower court so ordered. The gist of the action is that about July 10, 1945 Fuentes Rolón was the owner of a rural property situated in the Palos Blancos ward of Corozal, in which he had a dairy; that when the minor Medardo Varela Negrón, plaintiff's son, who was only 11 years old, was returning to his parents' home by a road adjacent to the aforesaid dairy, and without there existing any labor contract, he was called by Fuentes who ordered him

to clean the mouth of a grass mower which he used in his business, at the very moment that the machine was being moved by a motor and was stuck with the mowed grass; that the minor introduced his right arm thereinto whereupon the blades of the machine cut off his right arm at the upper third of the forearm, the boy suffering then and there other injuries and wounds; and that the proximate and direct cause of the accident was Fuentes' blame, negligence, and carelessness in ordering the minor to perform the aforesaid work while the machine was in operation, the latter constituting by itself "an attractive nuisance for any minor."[1]  The complaint also contains a second cause of action whereby the amount of $1450 is requested as compensation for the mental anguish and physical and moral pains suffered by the minor's parents.

The complaint having been answered denying its essential facts and alleging as special defenses that it does not state facts constituting a cause of action and that the accident was solely and exclusively due to the rash negligence of the minor, the action went to trial.  Thereafter the court rendered judgment dismissing the complaint in all its parts "without special imposition of costs."[2]

▮▮ The plaintiff has appealed from the judgment thus rendered and he maintains, as the first ground of his action, that the lower court erred in not complying with Rule 52(a) of the Rules of Civil Procedure.  Insofar as pertinent this Rule provides that "In all actions the court shall set forth the facts as found by it and state separately its conclusions of law thereon and direct the entry of the appropriate judgment."  The lower court did not commit the error charged. In its "Statement of Facts and Opinion" it stated:

"The complaint herein alleges the doctrine of attractive nuisance.  The evidence has shown that the minor is a young boy of

---

[1] The plea of attractive nuisance has been abandoned by the plaintiff.

[2] The imposition of costs on the defeated party was mandatory.  See § 327 of the Code of Civil Procedure, as amended by Act No. 94 of May 11, 1937 (Sess. Laws, p. 229) as well as *Sánchez* v. *Cooperativa Azucarera*, 66 P.R.R. 330, 337; and *Colón* v. *Asociación Cooperativa*, 67 P.R.R. 250.

average intelligence, that he was in school and was 11 years old when the accident happened. It has been shown that the place wherein the machine was located is a farm privately owned by the defendants and that the boy went there needlessly. The grass mower was operated by a motor and this boy must have realized the existing danger when the machine was in operation. The court does not believe that the defendant Ramón Fuentes Rolón ever told the boy to interfere with the machine.

". . . . . . . .

"The court has inferred from the evidence that the plaintiff introduced his hand into the grass mower without having been told to do so by the defendant Ramón Fuentes Rolón, for to believe the contrary, would be to think that said Fuentes was a wicked man.

"The court believes, in view of the evidence, that the theory of attractive nuisance can not be invoked herein and that the decision of our Supreme Court in *Díaz* v. *Central Lafayette,* 66 P.R.R. 780, is applicable herein."

The requisites of the aforesaid Rule have been substantially complied with. As we indicated in *Ramírez* v. *District Court,* 65 P.R.R. 330, the main purpose of Rule 52 (*a*) "is to enable the Supreme Court to determine whether the findings of fact and conclusions of law of the district court were justified . . . ." See also *Meléndez* v. *Metro Taxicabs,* 68 P.R.R. 709, 712; 10 Federal Rules Service, 815; 4 Federal Rules Service, 936; *Woodruff* v. *Heiser,* 150 Federal 2d 869, 871; *Briggs* v. *United States,* 45 Federal 2d 479; 3 Moore's Federal Practice, 3119. Although the opinion of the lower court does not contain a separate statement of its findings of fact and conclusions of law, said opinion is unmistakably sufficient to show with all clearness, which were the facts that the court deemed proved and which was, in its judgment, the law applicable thereto. Under these circumstances the allegation that Rule 52 (*a*) has not been complied with is untenable.

The foregoing statements notwithstanding, we consider it advisable to repeat here what we said in *Meléndez* v. *Metro Taxicabs, supra,* at p. 712, to wit:

"It would be of considerable aid to us if the district courts followed the method contemplated by the Rules and used in the Federal Courts of setting out separately each finding of fact and conclusion of law. That is particularly true where as here two separate items of damage—physical injury and mental suffering—are claimed. See *Díaz* v. *Cancel,* 61 P.R.R. 857, 867."

■ The second and third errors may be jointly discussed. They constitute in fact an antinomy, inasmuch as the second maintains that the lower court erred "in waiving its duty to weigh the evidence" and the third holds that "the court committed manifest error in the weighing of the evidence."

.The paragraphs cited from the opinion of the lower court disclose with absolute clearness its findings of facts.

Plaintiff's evidence in short tended to show that between eleven and twelve in the morning of July 10, 1945 the plaintiff's minor son was returning home by a road which as a manner of short cut runs close to the dairy of the defendants' predecessor; that quite close to the road the latter had a grass mower in operation and that when said machine got stuck the aforesaid predecessor called the minor and asked or ordered him to introduce his hand in the spot through which the mowed grass came out; that the minor did as ordered with such bad luck that since the machine was in operation the blades thereof cut off his right arm. Defendants' evidence was to the effect that the minor was a trespasser and that his predecessor was unaware of that fact until the boy screamed in pain after the grass mower had cut off his arm.

The lower court did not waive its duty to weigh the evidence. It weighed it in fact and found that the accident was exclusively due to the fact "that the plaintiff introduced his hand into the grass mower without having been told by . . . Ramón Fuentes Rolón to do so."

The principle that in matters relating to the weighing of the evidence this Court shall not reverse the findings of the lower court unless we are convinced that in so doing it committed manifest error or acted under the influence of passion,

prejudice, or partiality, is so well known, that to repeat it here, would almost be surplusage. *Rivera* v. *Casiano*, 68 P.R.R. 177, 185; *Latorre* v. *Cruz*, 67 P.R.R. 696, 705; *Jiménez* v. *Fletcher*, 67 P.R.R. 153, 155; *Torres* v. *Perea*, 66 P.R.R. 164, 168. See also Rule 52(*a*), *supra*,[3] as well as Moore's above cited work, 1948 Supplement, p. 141; 2 Federal Rules Service, 474; *United States* v. *Aluminum Co. of America*, 148 Federal 2d 416, 433. An examination of the transcript of evidence convinces us that the record contains evidence sufficient to support the findings of the trial court.

■ In discussing these errors appellant stresses the fact that in the course of its opinion the court said that "the (minor) plaintiff introduced his hand without the defendant Ramón Fuentes Rolón having told him to do so, *for to believe the contrary would be to think that said Fuentes was a wicked man.*" (Italics ours.) The italicized words were perhaps unnecessary but the appeal is taken from the judgment and not from the grounds set forth in the opinion. *Latorre* v. *Cruz, supra*, p. 705; *Reyes* v. *Aponte*, 60 P.R.R. 867, 871.

The judgment appealed from will be affirmed.

---

[3] Rule 52(*a*) insofar as pertinent provides that: "Findings of fact based on oral testimony shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."